UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **DAVID N. RAIN, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:07-cv-1233-WTL-DML |
| ) | |
| **ROLLS-ROYCE CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on the Defendant's motion for partial summary judgment. The motion is fully briefed, and the Court, being duly advised, **GRANTS** the Defendant's motion for the reasons set forth below.

### Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor.  *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).

### Discussion

The facts material to the instant motion are undisputed.  This case arises out of a confidential settlement agreement ("Agreement") entered into in 2006 by Plaintiffs David Rain and Paramount International, Inc., ("Paramount") and Defendant Rolls-Royce Corporation

("Rolls-Royce"). The Agreement resolved a previous case in this court in which Rolls-Royce alleged that Rain and Paramount (and other parties who are not involved in the instant case) had misappropriated Rolls-Royce's proprietary information. The Agreement contained a mutual non-disparagement provision that provided that "[n]one of the parties will disparage the other." The Agreement further provides that "[i]f a material breach is proved by either party, the prevailing party shall be entitled to its attorneys' fees plus actual damages, but not less than $1,000,000."

At issue in the instant motion is the Plaintiffs' claim that Rolls-Royce disparaged them in a lawsuit in Texas, thereby breaching the Agreement.[1] In the lawsuit, which Rolls-Royce filed in the United States District Court for the Northern District of Texas, Rolls-Royce asserts, *inter alia*, that the three defendants in that case obtained Rolls-Royce's proprietary information from a New Jersey corporation–referred to by the anonym "Principal Corporation"–which was owned by "Mr. Doe." There is no dispute that "Principal" refers to Paramount and "Mr. Doe" refers to Rain. Rolls-Royce asserts several counts in the Texas case, including a RICO claim in which it alleges that the defendants in that case conspired with "Principal Corporation" and "Doe" to obtain and use Rolls-Royce's proprietary information.

The Plaintiffs argue that accusing them of being involved in racketeering and trafficking in stolen Rolls-Royce proprietary information using thinly-veiled anonyms constitutes disparagement. Rolls-Royce counters that even if that is the case, it is immune from liability because statements made by parties and their counsel in the course of judicial proceedings are

---

[1] Rolls-Royce is correct that the Court's earlier ruling denying Rolls-Royce's motion to dismiss in no way precludes the instant motion.

absolutely privileged under Indiana law.[2]  The Court agrees with Rolls-Royce.

"Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements."  *Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008) (citing *Wilkins v. Hyde*, 142 Ind. 260, 261 (1895); *Van Eaton v. Fink*, 697 N.E.2d 490, 494 (Ind. App.1998)).  "The reason upon which the rule is founded is the necessity of preserving the due administration of justice by providing actors in judicial proceedings with the freedom to participate without fear of future defamation claims."  *Hartman*, 883 N.E.2d at 777 (citations and internal quotation marks omitted).  In other words, Indiana has determined that "public interest in the freedom of expression by participants in judicial proceedings, uninhibited by the risk of resultant suits for defamation, is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of the individual to a legal remedy when he has been wronged."  *Miller v. Reinert*, 839 N.E.2d 731, 735 (Ind. App. 2005) (citation omitted).

The parties agree that there are no Indiana cases addressing the issue of whether the absolute privilege extends beyond the usual tort claims to encompass the type of breach of contract claim asserted by the Plaintiffs in this case.  Other jurisdictions have examined the issue, however, and determined that the absolute privilege is applicable to breach of contract actions as well as defamation claims.  *See Kelly v. Golden*, 352 F.3d 344, 348 (8th Cir. 2004)

---

[2]The Plaintiffs assert, without explanation, that "Texas law should apply to the issue of whether or not disparaging statements made in Texas federal court pleadings are protected by the doctrine of absolute privilege."  However, the issue is whether the statements at issue can form the basis of an action for breach of the Agreement, and the Agreement expressly provides that it "shall be governed and construed in accordance with Indiana law, without regard to conflict of law principles."  Therefore, the Court determines that Indiana law applies.

(applying Missouri law); *Ellis v. Kaye-Kibbey*, 581 F.Supp.2d 861 (W.D. Mich. 2008) (applying Michigan law). The Plaintiffs cite to *Tulloch v. JPMorgan Chase & Co.*, 2006 WL 197009 (S.D.Tex. Jan.24, 2006), and assert that it held that "Texas courts would not extend its protection to cases where the liability arises from contract." The Plaintiffs misread the holding of *Tulloch*, however. In fact, the court in *Tulloch* correctly recognized that under Texas law the issue is not whether the plaintiff's cause of action is cast as a defamation claim or some other type of claim; rather, the question is whether the plaintiff is seeking defamation-type damages:

> Read together, the *James* and *Bird* decisions show that the Texas Supreme Court has decided that Texas law of absolute privilege bars claims for defamation (i.e., libel and slander) and claims based on different legal theories when the essence of the claim at issue is damages that flow from defamatory communications made in the course of a judicial proceeding, but strongly suggest that the Texas Supreme Court would not extend the absolute privilege to claims that are not based on defamatory statements and do not seek "defamation damages."

*Tulloch*, 2006 WL 197009 at *5 (citing *James v.Brown*, 637 S.W.2d 914, 918 (Tex. 1982) and *Bird v. W.C.W.*, 868 S.W.2d 767, 771-72 (Tex.1994)).

In this case, there is no question that the "essence" of the Plaintiffs' claim "is damages that flow from defamatory communications made in the course of a judicial proceeding." Any damages suffered by the Plaintiffs with regard to statements made in the Texas litigation were caused solely because those statements were defamatory.[3] The Court finds the reasoning of the Texas cases cited by the Plaintiffs, as well as the cases cited by Rolls-Royce, persuasive. Given the fact that Indiana considers the "public interest in the freedom of expression by participants in judicial proceedings" so vital that it outweighs a defamed individual's right to a legal remedy,

---

[3] Therefore, if the Plaintiffs were correct and Texas, not Indiana, law applied, the absolute privilege clearly would bar the Plaintiffs' claim.

4

the Court believes that the Indiana Supreme Court would extend the absolute privilege to this case, even though it involves a breach of contract claim. Accordingly, Rolls-Royce cannot be held liable for the statements it made in the Texas case, even if those statements violated the non-disparagement provision of the Agreement.

## Conclusion

For the reasons set forth above, Rolls-Royce's motion for partial summary judgment is **GRANTED**.

SO ORDERED: 08/21/2009

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Timothy L. Buckley
tbuckley@buckleyjacobs.com

Max W. Hittle , Jr
KRIEG DEVAULT, LLP
mhittle@kdlegal.com

Edward A. McConwell , Sr
MCCONWELL LAW OFFICES
ed@mcconwell.com,sharon@mcconwell.com,lharris@mcconwell.com

Greg A. Small
KRIEG DEVAULT LLP
gs@kdlegal.com

Alastair J. Warr
KRIEG DEVAULT LLP
awarr@kdlegal.com