**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **DAVID N. RAIN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **CAUSE NO.  1:07-cv-1233-WTL-DML** |
| | ) | |
| **ROLLS-ROYCE CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON PETITION FOR ATTORNEYS' FEES AND EXPENSES

This cause is before the Court on the Defendant's Post-Judgment Petition for Attorneys' Fees and Expenses as the Prevailing Party.  The issues have been fully briefed and the Court, being duly advised, **DENIES** the Defendant's petition for the reasons set forth below.

The Plaintiffs filed this breach of contract action alleging that the Defendant had breached a settlement agreement entered into by the parties to resolve previous litigation between them. The settlement agreement provided for an award of damages in the amount of not less than one million dollars in the event of a material breach of any of  its provisions.  The Plaintiffs alleged that the Defendant had breached the anti-disparagement provision in the settlement agreement in two ways:  (1) by referring to them (albeit by using pseudonyms) in a lawsuit filed in Texas; and (2) by asking Plaintiff David Rain to leave and escorting him out of an event in 2007.  The Court entered summary judgment in favor of the Defendant with regard to the former claim and found in favor of the Defendant after a bench trial with regard to the latter.

The Defendant now seeks an award of its attorney fees and expenses pursuant to ¶ 8.2 of the settlement agreement, which provides as follows:

> If either Party seeks judicial enforcement of this Agreement and such party
> prevails in such proceedings, then the prevailing party shall be entitled to recover
> from the defaulting or breaching party all reasonable attorneys' fees, costs,
> expenses incurred in that proceeding, as determined by the Court.

The Plaintiffs argue that this provision is inapplicable to the circumstances of this case and does

not entitle the Defendant to an award of attorney fees despite their success in this case.[1]  The

Court agrees.

The Defendant argues that the case of *Gerstbauer v. Styers*, 898 N.E.2d 369, 379 (Ind.

App. 2008), is "controlling Indiana precedent"[2] that dictates a finding that it is entitled to an

award of fees in this case.  *Gerstbauer* involved the following contractual provision:

> Each party shall pay the other party's reasonable legal costs and attorney's fees
> incurred in successfully enforcing against the other party any covenant, term or
> condition of this Lease.

The trial court–focusing on the words "successfully enforcing . . . any covenant, term or

condition"–had interpreted this provision as providing for an award of attorney fees only to the

extent that a party had prevailed on his own affirmative claims.  The court therefore had not

awarded fees incurred by the defendant in successfully defending against the plaintiff's claims,

but instead had awarded the defendant only those fees he had incurred in successfully prosecuting

his own counterclaim.  The Indiana Court of Appeals disagreed.  The court noted that the word

"enforce" means to "give effect to," and found that the defendant had given effect to the relevant

---

[1]The Plaintiffs also argue that this Court should not address the fees issue until after the
appeal of the merits of this case has been decided.  This argument has long been rejected by the
Seventh Circuit.  *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980).

[2]It is not entirely accurate to call an Indiana Court of Appeals decision "controlling
precedent."  Rather, on matters of state law "when the highest court in the state has not spoken we
must attempt to predict how we believe that court would decide . . . [and w]e look to decisions of
intermediate appellate courts in the state for persuasive guidance in that endeavor."  *Abstract &
Title Guar. Co., Inc. v. Chicago Ins. Co.*, 489 F.3d 808, 811 (7th Cir. 2007).

lease provisions when he successfully defended against the plaintiff's claim that he had breached those provisions.  Therefore the defendant was the prevailing party as to both his own counterclaim and the plaintiff's claims against him and was entitled to recover reasonable attorney fees incurred with regard to both.

Were *Gerstbauer* directly on point, the Court would have no trouble following its reasoning, which the Court finds to be sound.  Unfortunately for the Defendant in this case, however, the contractual provision at issue here is materially different from that in *Gerstbauer*. Here the express terms of the provision calls for recovery of attorney fees by the prevailing party "from the defaulting or breaching party."  There is no claim that the Plaintiffs in this case breached any term of the settlement agreement; nor is there a claim that the Plaintiffs defaulted on any of their obligations under the agreement.  Therefore, while under the reasoning of *Gerstbauer* the Defendant may be a party who succeeded in enforcing the agreement by successfully defending against the Plaintiffs' claims, the additional stipulation in the fee-shifting provision in this case that fees are recoverable only from a defaulting or breaching party precludes an award of fees in this case.  To hold otherwise would fail to give effect to the clear and unambiguous terms of the agreement. Accordingly, the Defendant's motion for attorney fees is **DENIED**.

The Defendant is, of course, entitled to an award of costs pursuant to 28 U.S.C. § 1920.

**Within 7 days of the date of this Entry** the Defendant shall file a bill of costs setting forth those costs it incurred that fall within the categories of costs recoverable under the statute.  The Court will withhold entry of a separate judgment with regard to the issue of attorney fees and costs until after the issue of statutory costs has been resolved.

SO ORDERED:  06/11/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification