# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID N. RAIN, et al., | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
|     vs. | )  CAUSE NO.  1:07-cv-1233-WTL-DML |
| | ) |
| ROLLS-ROYCE CORPORATION, | ) |
| | ) |
|   Defendant. | ) |

## ORDER REGARDING BILL OF COSTS

Following the trial of this case, prevailing party Rolls-Royce Corporation ("Rolls-Royce") filed a Petition for Attorneys' Fees and Expenses.  The Court denied Rolls-Royce's request for attorneys' fees and ordered Rolls-Royce to address the amount of expenses it was entitled to recover by filing a Bill of Costs pursuant to 28 U.S.C. § 1920.  Rolls-Royce has now done so, filing a Bill of Costs in which it seeks a total of $21,593.15 in costs.  Plaintiff David Rain filed a timely response in which he objects to the Bill of Costs in its entirety.  The Court, being duly advised, now **SUSTAINS IN PART AND OVERRULES IN PART** Rain's objections as set forth below and determines that Rolls-Royce is entitled to an award of costs in the amount of $11,147.32.

Rain's objections can be grouped into three categories.  First, he argues that Rolls-Royce failed to support its request for deposition transcripts, witness fees, and printing and copying costs with adequate details and documentation.  Specifically, Rain noted that Rolls-Royce failed to identify the deponent for each of the deposition transcripts it listed, which Rolls-Royce remedied in its reply brief.  With regard to witness fees, Rain objected to the fact that Rolls-Royce did not provide documentation to show that "actual monies were received or checks

cashed by the identified witnesses."  However, in submitting the Bill of Costs on AO Form 133, counsel for Rolls-Royce certified that the costs sought "were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed," and the Court agrees with Rolls-Royce that absent some reason to question whether Rolls-Royce fulfilled its obligation to pay witness fees, the detailed documentation advocated by Rain is not required and would simply unnecessarily complicate the process of awarding costs.  Finally, with regard to printing and copying costs, Rolls-Royce has provided an itemized statement that includes the number of copies made on a given date associated with the code its law firm assigned to this litigation.  The Court agrees with Rolls-Royce that this, along with counsel's general certification, is sufficient to demonstrate that the copies in question were made and billed in the ordinary course of this litigation.  *See Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) ("Commercial was not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs.  Rather, Commercial was required to provide the best breakdown obtainable from retained records.").  Further, the total amount sought for copying costs, $898.76, is not unreasonable.  Accordingly, Rain's objections based upon the adequacy of Rolls-Royce's documentation are overruled.

Next, Rain argues that the cost of the trial transcript obtained by Rolls-Royce in order to respond to Rain's appeal in this case is a cost to be taxed by the Court of Appeals, not by this Court.  As Rolls-Royce correctly notes, however, Federal Rule of Appellate Procedure 39(e) specifically provides otherwise.  This objection is overruled.

Finally, Rain objects to Rolls-Royce's request for the $10,445.83 it expended on

computerized research. Rolls-Royce is entirely correct that such costs were unequivocally found to be recoverable pursuant to 28 U.S.C. § 1920 in *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699 (7th Cir. 2008). However, that holding directly contradicts long-standing–and just as unequivocal–Seventh Circuit decisions to the contrary decided both prior and subsequent to *Little*. *Haroco, Inc. v. American Nat's Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 1994) (*cited with approval in Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409 n.3 (7th Cir. 2000)); *Tchemkou v. Mukasey*, 517 F.3d 506, 512-13 (7th Cir. 2008).

The *Little* decision does not acknowledge that it is breaking from precedent and provides no explanation for its holding regarding computerized research. In light of that fact, and in the face of well-reasoned authority to the contrary, the Court declines to follow *Little* and instead sustains Rain's objection to Rolls-Royce's request for computerized research costs because those costs are not among those authorized by 28 U.S.C. § 1920.

Rain shall pay costs to Rolls-Royce in the amount of $11,147.32, which represents the total amount it seeks ($21,593.15) minus the amount it seeks for computerized research ($10,445.83). For the reasons set forth in the Court's previous order, Rolls-Royce's request for attorney fees is denied. This Order resolves all remaining issues raised in Rolls-Royce's Rule 54(d) motion and therefore is a final, appealable order.

SO ORDERED: 07/27/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification